UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DENVER HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-128-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Denver Hall and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record No. 4, 5] Through this action, Burke seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to a period of disability and disability insurance benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. This case is now ripe for review. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hall.

**I.    BACKGROUND**

Hall filed an application for a period of disability and disability insurance benefits (DIB) on April 26, 2003, alleging disability beginning July 1, 1998 (Tr. 55-58). This application was denied by an ALJ on February 3, 2005 (Tr. 17-24). Hall's request for review was denied by the Appeals Council on April 6, 2005 (Tr. 5-8).

Hall was 56 years old when his insured status expired on December 31, 2003 (Tr. 55-58, 59). He has a high school equivalent education gained in the Army (Tr. 73). His past relevant work includes employment as an auto worker (Tr. 68, 85-91, 93-100). Hall alleges disability beginning July 1, 1998, due to breathing problems, as well as back and leg pain which cause an inability to sit or stand for long periods (Tr. 67). The ALJ found that the Plaintiff was unable to perform any of his past relevant work (Tr. 24, Finding No. 7). See 20 C.F.R. § 404.1565 (2005). However, based on testimony from the VE, the ALJ concluded that Hall was capable of performing a significant number of jobs in the national economy during the period in which he alleged disability. [Tr., p. 333-334] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from Plaintiff and the VE, the ALJ found Plaintiff was not disabled on or prior to December 31, 2003, the date his insured status expired (Tr. 17-24).

## II.   LEGAL STANDARD

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v.*

*Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and*

*Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. ANALYSIS

#### A. Substantial Evidence

In an action for disability benefits, the plaintiff bears the burden of proving that he was disabled. *See* 42 U.S.C. §423(a)(1)(A); *Bogle v. Sullivan*, 998 F.2d 342 (6th Cir. 1993). To be eligible for DIB, the plaintiff must be able to demonstrate that he became disabled prior to the expiration of his disability insured status. *Id.*; *see also Moon v. Sullivan*, 923 F.2d 1175 (6th Cir. 1990). Therefore, in order to be entitled to DIB, Hall must show he became disabled on or before December 31, 2003. It is not enough to show that what was an impairment during this period later became disabling. *King v. Secretary of HHS*, 896 F.2d 204 (6th Cir. 1990).

The ALJ determined that Hall became unable to perform his past relevant work prior to December 31, 2003 (Tr. 24). This shifted the burden of proof to the Commissioner to show that there were a significant number of other jobs that Hall could perform. *See Foster*, 279 F.3d at 354; *Moon*, 923 F.2d at 1181. The ALJ properly heard testimony from the VE on this question. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996). The VE testified that while Hall's ability to perform his prior work was impeded by his nonexertional limits, there were a number of other jobs he could perform during the period prior to December 31, 2003 (Tr. 333-334). The ALJ, therefore, determined that Hall was not considered disabled under the applicable regulations during the period in question. 20 C.F.R. Part 404; *Harmon v. Apfel*, 168 F.3d 289 (6th Cir. 1999).

Hall contends that the ALJ ignored his complaints of pain, and improperly evaluated his credibility. [Docket No. 4] However, a review of the administrative transcript establishes that the ALJ properly considered all relevant factors. At the outset, it should be noted that complaints of pain may be sufficient to support a claim of disability. *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, the ALJ should look to the medical evidence to determine if subjective complaints of pain have a basis. Such reference to medical evidence is helpful in making credibility determinations concerning such claims.[1]

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

---

[1] Because an ALJ has the unique opportunity to observe the demeanor of a claimant, his conclusions with respect to credibility should not be discarded lightly. *Varley v. Sect. of Health and Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) (quoting *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

Objective medical evidence confirms that Hall suffered some degree of pain associated with his recognized impairments. However, the evidence presented to the ALJ does not constitute substantial evidence that the pain is of such a severity that it is disabling (Tr. 21). In view of the evidence presented that the Claimant overstated the degree of pain experienced, the Court finds that the Commissioner's decision should not be set aside for this reason.

### B. Treating Physician

Hall also argues that the ALJ failed to give proper weight to the findings of treating physicians Keith Webb, M.D. and Kevin Bayes, M.D. It should be noted that while some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.")

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques; (2) it is inconsistent with substantial evidence in the record; (3) it does not identify the evidence supporting its finding; and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

In this case, the ALJ concluded that Dr. Webb's disability conclusions were inconsistent with the overall medical evidence in the record (Tr. 21, 299-301). The ALJ determined that while Hall may have had wheezing from June 2002 to April 2003, such findings do not support limiting Hall to sedentary work, especially as the condition may be controlled by medication. *Id.* The ALJ gave little weight to the opinions of Dr. Bayes, largely because they were conducted after the expiration of Hall's insured status, and therefore irrelevant to the inquiry. (Tr. 271-274) This Court concludes that the ALJ's determination was proper given the weight of all medical evidence in the record.

## IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record, it is clear that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1)    Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 10th day of November, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge